## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 09 2015, 8:17 am
CLERK
of the supreme court, court of appeals and tax court

---

**APPELLANT PRO SE**

Derrick Harris
Muncie, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Kristin Garn
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Derrick Harris,

*Appellant-Petitioner,*

v.

State of Indiana, Parole Board

*Appellee-Respondent.*

July 9, 2015

Court of Appeals Cause No.
18A04-1407-MI-338

Appeal from the Delaware Circuit Court
Cause No. 18C03-1405-MI-24

The Honorable Linda Ralu Wolf, Judge

---

**Barnes, Judge.**

# Case Summary

[1] Derrick Harris appeals the trial court's denial of his petition for habeas corpus. We dismiss.

# Issues

[2] Harris raises seven issues. We address the dispositive issue, which is whether his appeal should be dismissed because he has been released from jail.

# Facts

[3] In 2002, Harris was convicted and sentenced to ten years with two years executed and eight years suspended to probation in cause number 48D01-0109-CF-432 for dealing in marijuana and a Schedule I controlled substance. In 2009, new criminal charges were filed against Harris, and the probation he was serving pursuant to cause number 48D01-0109-CF-432 was revoked. Harris was ordered to serve the remaining seven and one-half years of his suspended sentence in the Department of Correction and was not permitted to return to probation. According to Harris, he was released on parole on February 24, 2012.

[4] On February 11, 2013, Harris was arrested on new criminal charges in cause number 18C02-1302-FC-7,[1] and Harris was detained in the Delaware County Jail. On February 12, 2013, a Warrant for Retaking Offender was issued for

---

[1] On May 8, 2014, cause number 18C02-1302-FC-7 was transferred to 18C03-1405-FC-20.

Harris's alleged violations of the terms of his parole. On March 14, 2013, a preliminary hearing was held to determine if there was probable cause to appear before the parole board, and probable cause of an alleged violation was found. It was determined that no action would be taken on the alleged parole violation at that time and that Harris would await local disposition.

[5] On April 11, 2013, Harris was released on pretrial electronic home detention on the charges in cause number 18C02-1302-FC-7, but Harris remained incarcerated in the Delaware County Jail on the alleged parole violation. On May 29, 2014, Harris filed a petition for habeas corpus and, on June 12, 2014, a hearing was held on the petition. On June 20, 2014, the trial court issued an order concluding that Harris was being lawfully detained on the alleged parole violation and denying the petition. Harris filed a motion to correct error, which was also denied.

[6] On July 22, 2014, Harris filed a notice of appeal. On March 11, 2015, the State moved to dismiss Harris's appeal on the grounds that it was moot because he had been released from jail. Harris did not respond to the State's motion to dismiss, and we held the motion in abeyance until the case was fully briefed.

## Analysis

[7] The State contends that Harris's appeal is moot because he has been released from the Delaware County Jail. "An issue is deemed moot when it is no longer 'live' or when the parties lack a legally cognizable interest in the outcome of its resolution." *Jones v. State*, 847 N.E.2d 190, 200 (Ind. Ct. App. 2006). Where

the principal questions at issue cease to be of real controversy between the parties, the errors assigned become moot questions, and we will not retain jurisdiction to decide them. *Id.* "Stated differently, when we are unable to provide effective relief upon an issue, the issue is deemed moot, and we will not reverse the trial court's determination 'where absolutely no change in the status quo will result.'" *Id.* (citation omitted).

[8] Generally, a petitioner is entitled to the writ of habeas corpus only if he or she is entitled to be immediately released from unlawful incarceration. *Fry v. State*, 990 N.E.2d 429, 437 (Ind. 2013). In his habeas corpus petition, Harris argued that his continued detention based on the alleged parole violation was improper. However, according to the chronological case summary ("CCS"), Harris was released from the Delaware County Jail in January 2015. Specifically, the CCS provides:

> Pursuant to signed Order, Defendant is released to pre-trial home detention which will be transferred to Madison County. Defendant is given three weeks to have the appropriate landline installed and sign up fee paid. Defendant to report daily to Delaware County Community Corrections pending the completion of arrangements for electronic home detention in Madison County. . . .

[9] State's Ex. A p. 22. Harris did not respond to the State's motion to dismiss or file a reply brief indicating that he was still incarcerated. Accordingly, we must conclude that, because Harris has been released from incarceration, no effective relief can be granted by way of the habeas corpus petition. Thus, the issue raised by Harris on appeal is moot and that his appeal should be dismissed.

# Conclusion

[10] Because Harris has been released from the Delaware County Jail, his appeal is moot. We dismiss.

[11] Dismissed.

Riley, J., and Bailey, J., concur.